■ JOHN KOPEC et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [711 NYS2d 505] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated August 5, 1999, as granted the motion by the defendants City of New York and Police Department of the City of New York for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1987 the plaintiff John Kopec (hereinafter the plaintiff) and Jacqueline Hill were both New York City Police Officers assigned to the 79th Precinct. They were living together and engaged in a romantic relationship. At that time, the plaintiff was separated from his wife, the plaintiff Mary Kopec. On September 25, 1987, Hill shot and seriously wounded the plaintiff with her service revolver and then committed suicide. The plaintiffs brought suit under a number of theories, including, *inter alia,* that the respondents, the City of New York and the Police Department of the City of New York, negligently retained Hill as a police officer and/or negligently permitted her to retain her service revolver. After the plaintiffs filed their note of issue, the respondents moved to dismiss the action insofar as asserted against them. The Supreme Court granted the motion.

Contrary to the plaintiffs' contention, the respondents demonstrated as a matter of law that they neither negligently retained Hill as a police officer nor negligently permitted her to retain her service revolver. The plaintiffs' proof, including the affidavit of Dr. Robert Daley, was insufficient to show the existence of a factual question requiring a trial. Accordingly, the respondents' motion for summary judgment was properly granted (*see, Doe v State of New York,* 267 AD2d 913; *cf., McCrink v City of New York,* 296 NY 99; *Baker v City of New York,* 25 AD2d 770; *see also, Haddock v City of New York,* 75 NY2d 478; *see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320).. Santucci, J. P., S. Miller, Florio and McGinity, JJ., concur.